Filed Nov. 15, 1894.

---

No. 17,034.

MOORE v. ROSS ET AL.

STATUTE OF LIMITATIONS.—*Ten Year Statute.—Execution Sale.—Real Estate.—Misdescription.*—Where the judgment debtor brings action to recover real estate sold on execution, and it appears that the whole parcel, 15x60 feet, was sold on execution against her, though there was an evident mistake in the sheriff's deed, the description therein being 15x15 feet, possession being taken and retained under it for more than ten years before the commencement of suit to test the validity of the sale, the action is effectually barred by the ten year statute of limitation.

SAME.—*Execution Sale.—Statute Runs from Time of Sale.*—In such case the statute of limitations begins to run from the time of sale, and not from the time the deed is executed.

SALE ON EXECUTION.—*Foreclosure Decree.—Sheriff's Sale.*—A sale on a decree of foreclosure is a sale on execution within the meaning of the statute.

From the Madison Circuit Court.

*F. S. Ellison, E. B. Goodykoontz* and *G. M. Ballard,* for appellant.

*H. D. Thompson, T. J. Ellis* and *F. P. Foster,* for appellees.

Moore v. Ross et al.

McCabe, J.—This suit was brought by the appellant against the appellees, to recover possession of a part of a lot in the town of Alexandria, in Madison county. The issues formed were such as to present the question on the trial thereof, whether the action was barred by the third subdivision of section 294, Burns R. S. 1894 (R. S. 1881, section 293), or not. So much of the section as is applicable reads as follows: "The following actions shall be commenced within the periods herein prescribed, after the cause of action has accrued, and not afterward. * * *

Third. For the recovery of real property sold on execution, brought by the execution debtor, his heirs, or any person claiming under him, by title acquired after the date of the judgment, within ten years after the sale."

It appears from the special finding, that Susan. Leonard was the owner in fee of a part of lot number 3, in block number 4, in the town of Alexandria, in said county, described as follows: Commencing at the northeast corner of said lot, and running thence south 60 feet to a corner, thence west 15 feet to a corner, thence north 60 feet to a corner, thence east 15 feet to the place of beginning; that on said 19th day of February, 1874, said Susan Leonard and her husband conveyed the said property by the description above set out, by deed of general warranty, to the plaintiff Sarah A. Moore, in fee, and at the same time, the said Sarah A. Moore, her husband joining, executed a mortgage upon said lot, by the same description, to secure the payment of a note for the sum of $153.75 for purchase-money on said property, due in ten months from date thereof; that said deed and mortgage were duly recorded, and said Sarah A. Moore, and her husband Joseph B. Moore, took possession of said property under said deed; that said Susan Leonard duly recov-

ered a judgment foreclosing her said mortgage against said Sarah A. Moore and her said husband, in the Madison Circuit Court, at the June term thereof for the year 1875, for the amount thereof, in the sum of $174.70 and costs; that afterwards a writ of execution was duly issued upon said judgment and decree of sale thereon, and placed in the hands of the sheriff of said county, who levied the same upon the property above described by the said description contained in said mortgage.

The judgment and decree were without relief from valuation and appraisement laws. After being duly advertised for sale in all respects pursuant to said judgment and order of sale, the said premises were duly sold by said sheriff on said execution, to said Susan Leonard, for $43.60, and said sheriff thereupon issued to her a certificate of purchase, entitling her to a deed therefor at the expiration of one year from said sale. The sale was made on the 14th day of August, 1875, and was for the whole of the property as above described; that afterwards, on the 23d day of August, 1876, pursuant to said sale, said sheriff executed a sheriff's deed to said Susan Leonard, which deed recited that the sheriff had sold at said sale the whole of said real estate above described, but that the granting portion of said deed described the said real estate as follows:   Commencing at the northeast corner of said lot number 3, in block 4, running thence south 60 feet to a corner, thence west 15 feet to a corner, thence north 15 feet to a corner, thence east 15 feet to place of beginning; that on the delivery of said deed to said Susan Leonard she entered into the possession of the whole of the property as described in the said mortgage, sheriff's sale, and sheriff's certificate of such sale, and held continuous and uninterrupted possession thereof until the 2d day of April, 1879, when she conveyed it to Mary C. Ross by the name of Cal

East, Edward East and Clarence East, by deed which was duly recorded, said grantees being the present defendants; that said defendants at the time of such conveyance fully paid said Susan Leonard the purchase price, and took possession of the whole of said real estate under such deed, the description in their deed being the same as that contained in said mortgage and sheriff's certificate of sale; that said defendants have ever since held continuous and uninterrupted adverse possession of said property so mortgaged to said Susan Leonard for and during a period of 16 years since said sheriff's sale, and before the commencement of this suit, claiming under said Susan Leonard, and under her said purchase; that the plaintiff was the judgment and execution defendant in the foreclosure decree and judgment on which the property in controversy was sold by the sheriff as aforesaid.

The conclusion of law stated is that the plaintiff's cause of action is barred by the statute of limitations, and that she ought not to take anything by her suit.

The appellant contends, with apparent earnestness, that while the mortgage and foreclosure decree properly described the whole parcel of ground, and that the whole parcel was sold by the sheriff to Susan Leonard, and the sheriff's certificate of sale also properly described the whole parcel, yet the deed of the sheriff to the purchaser only having conveyed a parcel fifteen feet square, as appellant contends, instead of a strip sixty feet long and fifteen feet wide, as the mortgage, foreclosure, decree and sheriff's certificate of sale all showed it to be, as well as the possession under the sale for sixteen years, yet the statute quoted, it is claimed, can not be invoked to protect such a sale unless the deed was as perfect as the antecedent proceedings. In other words, the appellant contends that the limitation of ten years on the right of

action of the execution debtor, his heirs or assigns, to recover real property sold on execution, can only apply to a case where there is a perfect deed executed by the sheriff; that therefore the bar here only applies to that part of the real estate sold embraced in the boundaries described in the sheriff's deed, and that is only a parcel 15 feet square, while the balance of the parcel described in the mortgage and sheriff's sale and certificate, and which it is sought to recover in this suit, it is claimed is not subject to the limitation prescribed in the statute because it has not been sold by the sheriff. But this assumption is not correct as either a matter of fact or matter of law. The sheriff did as a matter of fact legally sell the whole parcel, 60 feet long and 15 feet wide, and executed to the purchaser a certificate showing that he had done so, accurately describing the whole parcel and certifying that the purchaser would be entitled to a deed conveying to her the premises described at the expiration of one year unless they were sooner redeemed.

The statute inhibits the commencement of an action to recover real property sold on execution if not brought within ten years after the sale, not ten years after the deed is executed.

The execution defendant, and those claiming under him, are given ten years in which to bring an action to recover real estate sold on execution, if they wish to contest the validity of such sale. During that ten years, the sale is open to every conceivable legal objection to its validity. After the expiration of ten years next succeeding such sale, it is open to no objection that can be urged against it in an action by the execution debtor or his assigns to recover possession. If appellant's contention should be upheld, then the statute would be nullified. If the statute can only bar such an action where there is a valid sheriff's deed, the statute would have no

effect whatever, because the action would be defeated without the aid of the statute. A sale on a decree of foreclosure is a sale on execution within the meaning of the statute. *Sedgwick* v. *Ritter*, 128 Ind. 209; *Orr* v. *Owens*, 128 Ind. 229.

In *Second Nat'l Bank, etc.*, v. *Corey*, 94 Ind. 457 (467), this court said: "We are of opinion that where land is sold by a defective and insufficient description in the levy of the execution, advertisement, sale and conveyance of the land, and possession follows such sale and conveyance, the ten years' limitation will constitute a complete and effective bar to any action brought for the recovery of the land by the execution debtor, or by any person claiming under him by title acquired after the date of the judgment. Nothing can be said of a sale of land by such a defective and insufficient description further than to say that it is void and passes no title. But the statute of limitations above quoted applies to just such a sale. Thus, in *Brown* v. *Maher*, 68 Ind. 14, in speaking of the limitation heretofore quoted, this court said: 'It applies to void sales. If it did not, it would be a dead letter; for, if sales are not void, the purchaser needs no statute of limitation to protect his title.'"

To the same effect are *Walker* v. *Hill*, 111 Ind. 223; *Vancleave* v. *Milliken*, 13 Ind. 105. These cases are decisive of the question against the appellant. She being the execution debtor, and it appearing that the whole parcel was sold on execution against her, though there was an evident mistake in the sheriff's deed, possession being taken and retained under it for more than ten years before this suit was brought, the action is effectually barred by the statute. The circuit court did not err in its conclusion of law.

The judgment is affirmed.

Filed Nov. 20, 1894.