[Civ. No. 660.   First Appellate District.—September 16, 1909.]

## MARGARET SPANGLER, Appellant, v. JAMES SPANGLER, Respondent.

LEASE TO JOINT LESSEES—COVENANT AGAINST ASSIGNMENT—CONSTRUCTION—ASSIGNMENT BY ONE LESSEE TO ANOTHER NOT A BREACH.— Where a lease is made to two lessees jointly, a covenant against assignment of the lease, without the consent of the lessor, with a forfeiture declared in case of breach, is to be construed to prohibit solely an assignment of the lease by the two lessees jointly to a stranger without the consent of the lessor, and an assignment made by one of the joint lessees to the other of all interest of the assignor in the lease, without the consent of the lessor, is not a breach of the covenant, and no forfeiture can be declared therefor.

ID.—COVENANT CONSTRUED STRICTLY AGAINST LESSOR.—The covenant against assignment of the lease is to be construed strictly against the lessor, and where it does not expressly provide that neither of the lessees shall assign, nor that one may not assign to the other, it should be presumed to mean that the lease shall not be assigned by both.

ID.—WAIVER OF OBJECTION—ACCEPTANCE OF RENT FROM ASSIGNEE.— All objection to the assignment by one of the joint lessees to the other was waived by the continued acceptance of the entire rent from the assignee after notice of the assignment.

ID.—AFFIRMANCE OF ASSIGNMENT—ACTION AGAINST ASSIGNEE FOR RENT.—The assignment of the lease was further affirmed by the lessor bringing suit solely against the assignee for the recovery of rent.

ID.—RIGHT OF TENANT TO RENEW LEASE ASSIGNABLE UNLESS EXPRESSLY RESTRICTED.—The right of a tenant to renew the lease is

11 Cal. App.—21

assignable unless expressly restricted; and there being no restriction against an assignment by one tenant to the other, and all objection to such assignment having been waived the assignee has the right given by the lease to renew the same, and it was not necessary that both tenants should exercise the option.

ID.—COVENANT FOR JOINT OCCUPATION WAIVED.—The covenant for joint occupation of the premises was waived by the action of the lessor after notice of the assignment relating to the assignee only.

ID.—CONVEYANCE OF PART OF LEASED PREMISES BY LESSOR TO ASSIGNOR —CONFLICTING CLAIMS TO RENT—INTERPLEADER.—Where the lessor conveyed part of the leased premises to the lessee who had assigned her interest in the lease to the defendant, and the vendee claims a portion of the rent due from the defendant, the defendant was entitled to require the original lessor and her vendee to interplead as to their conflicting demands to the unpaid portion of the rent.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial. John E. Richards, Judge.

The facts are stated in the opinion of the court.

Wm. P. Veuve, for Appellant.

S. G. Tompkins, for Respondent.

KERRIGAN, J.—This appeal is from an order denying plaintiff's motion for a new trial in an action under section 1161, Code of Civil Procedure, to recover the possession of certain orchard land in Santa Clara county.

The defendant went into possession under a written lease from his mother, the plaintiff, to himself and to his sister, Annie Leal. The term was for five years, to commence November 1, 1902, with the privilege of an additional five years, provided that the lessees elected to avail themselves of the privilege prior to July 1, 1907. The rent reserved was $600 per annum, payable annually on the first day of October. The lease provided that the lessees should personally occupy and cultivate the premises and should not underlet any portion thereof, nor assign the lease, without the written consent of the lessor, under penalty of forfeiture.

May 8, 1905, without the consent of the lessor, Annie Leal made an assignment to the defendant of all her interest in.

the lease; and in June, 1907, by a notice in writing, the defendant notified the plaintiff of this assignment, and also that he elected in his own name to renew the lease for an additional term of five years.

The important question in this case is, Was there a breach of the conditions of the lease, and a consequent forfeiture thereof, by its assignment, without the consent of the lessor, by Annie Leal to the defendant?

The covenant is that the lessees shall not assign, and only one of them has done so. It does not provide that neither of the lessees shall assign, nor that one may not assign to the other; and construing this covenant strictly against the lessor, as the law requires us to do, it should be presumed to mean that the lease shall not be assigned by both. As the assignment was by one only of the lessees, there was no breach of the covenant, and therefore there was no forfeiture.

This conclusion is sustained by the case of *Randol* v. *Scott*, 110 Cal. 595, [42 Pac. 977]. There one of the covenants alleged to have been broken was as follows: "And the said lessees do hereby covenant . . . not to assign this lease, or permit any assignment thereof to be made, by bankruptcy or otherwise, without the written consent of the lessor." The breach alleged was a transfer or assignment of the interest of one of the tenants by proceedings in insolvency. The restriction there was stronger in several respects than the one here, and especially in that it provided that the lessees should not *permit any assignment to be made.* Yet the court held that the covenant not to assign was joint by two lessees, and was not broken by an assignment by one of the lessees of his interest therein. The court said: "When therefore under these circumstances it was covenanted merely that the lessees should not assign the lease, the meaning of the parties is presumed to be that the lease should not be assigned in the only way in which it could have been assigned, namely, by the joint act of the lessees. The lease therefore was not assigned within the meaning of the contract. The covenant does not provide that the lease should be forfeited upon the assignment by one of the tenants in common of his interests. . . . Of course it is unnecessary to cite authorities to the points that covenants in restraint of alienation are barely tolerated, and that con-

tracts looking to penalties and forfeitures must be strictly construed.'' (See, also, 24 Cyc. 968.)

Even if there had been a breach of the covenant in the particulars claimed by plaintiff in the present case, the evidence tends to show that she waived it, for she was notified of the assignment in June, 1907, but she made no objection to it at that time, and upon the rent becoming due for that year she demanded its payment, and later affirmed the continuance of the lease by bringing suit for the recovery of the rent. (*Randol* v. *Tatum*, 98 Cal. 397, [33 Pac. 433].) The right of a tenant to renew his lease is, unless restricted, assignable. (2 Wood on Landlord and Tenant, 2d ed., sec. 413.) As just seen, Annie Leal's right to assign was not restricted, and even if it were such restriction was waived; therefore her assignee became entitled to all her rights and privileges under the lease, one of which was the right to an extension thereof for the term of five years, and it was not necessary, as suggested by plaintiff, that both tenants should exercise this option.

As there was no joint failure of the lessees to personally occupy, till and cultivate the premises, there was, for reasons already stated, no forfeiture of the lease by reason of the fact that Annie Leal, one of the tenants, removed from the premises; but if there were a breach of the covenant it was waived, for Annie Leal left the premises immediately after the assignment by her to defendant in May, 1905, and did not thereafter return; yet the lessor, knowing of her absence, made no objection thereto, and received the rent as usual in October, 1905, in 1906, and demanded and sued for it in 1907.

The plaintiff further contends that she was entitled to possession of the property on the ground that the defendant continued to hold after default in the payment of rent for the year 1907, and after statutory notice and demand. June 22, 1905, Margaret Spangler, the plaintiff, made and executed to Annie Leal a deed of gift, conveying approximately twenty acres of the land in question, and when the rent for the year 1907 was about to become due, Annie Leal, basing her claim upon this deed, demanded the sum of $200 as her proportion of the rent for that year. Upon the making of this claim defendant tendered to plaintiff the sum of $400, and thereafter commenced an action in the proper court against the plaintiff and Annie Leal, requiring them to interplead and litigate their

claim to the $200, the balance of the rent, which action is still pending and undetermined.  Conflicting claims having been made on the defendant for the rent, he had a right to require the claimants to interplead.  (*Schluter* v. *Harvey*, 65 Cal. 158, [3 Pac. 659] ; *McDevitt* v. *Sullivan*, 8 Cal. 593.)

The order appealed from is affirmed.

Cooper, P. J., and Hall, J., concurred.