[Civ. No. 5087.    Second Appellate District, Division Two.—October 13, 1925.]

THE STRATFORD COMPANY (a Corporation), Appellant, v. CONTINENTAL MORTGAGE COMPANY et al., Respondents.

[1] LEASES—ASSIGNMENT OF LEASEHOLD INTEREST IN COURSE OF ADMINISTRATION OF LESSEE'S ESTATE—CONSTRUCTION OF COVENANT.— The sale and assignment of a leasehold interest made in due course of administration of the estate of a deceased lessee without the consent of the lessor does not violate a provision in the lease that "It is expressly made a condition of this lease that in the event that any person, other than the lessee named herein, shall secure possession of the interest of the lessee hereunder, under execution, or by reason of any receivership or proceeding in bankruptcy, or other operation of law, or otherwise, . . . all interest of the lessee hereunder, shall, at the option of the lessor, forthwith cease and terminate, and the· lessor may forthwith or at any time thereafter, . . . re-enter and take possession of said premises."

[2] ID.—FORFEITURE OF RIGHTS UNDER WRITTEN INSTRUMENT—BURDEN OF PROOF—INTENT.—Where there is a claim made that a forfeiture of rights under a written instrument has occurred, the burden is upon the party making the point to show that such was the unmistakable intention of the instrument.

[3] ID. — FORFEITURE OF ESTATES — RESTRAINTS UPON ALIENATION — CONSTRUCTION.—Forfeiture of estates and restraints upon alienations should not be enforced except when the terms of the conditions are so plain as to be beyond the province of construction.

[4] ID.—RULE OF EJUSDEM GENERIS.—Under the rule *ejusdem generis*, when the specific words employed in the instrument sought to be construed are exhaustive of the class to which they

---

2. See 6 Cal. Jur. 362.

belong, some meaning must be found for the general words if possible, because of the rule that effect must be given to all parts of a writing if that result can be accomplished.

[5] ID.—GENERAL LANGUAGE OF FORFEITURE PROVISION—CONSTRUCTION. In construing a provision in a lease declaring a forfeiture of the leasehold interest in the event that possession of the lessee's interest is secured by any other person "under execution, or by reason of any receivership or proceeding in bankruptcy, or other operation of law, or otherwise," a sale under decree of foreclosure is not to be treated as an execution sale; and a sale under decree of foreclosure would therefore come within the general language of said provision.

(1) 35 C. J., p. 981, n. 39, p. 1069, n. 34.   (2) 35 C. J., p. 1063, n. 49.   (3) 35 C. J., p. 1063, n. 49.   (4) 13 C. J., p. 537, n. 99; 19 C. J., p. 1255, n. 16.   (5) 35 C. J., p. 1069, n. 34.

APPEAL from a judgment of the Superior Court of Los Angeles County. George F. Buck, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Frank C. Hill and George S. Hupp for Appellant.

Newby & Palmer for Respondents.

WORKS, J.—In its inception this action was one in unlawful detainer for nonpayment of rent. The complexion of the litigation, however, was materially changed by the filing, pursuant to an order of the trial court, of an amendment to the complaint to conform to the proof. We shall lay aside a contention of respondents that the court was without power to permit the filing of the amendment and shall proceed to a discussion of the merits of the question which appellant seeks to present. The judgment was in form in favor of plaintiff, but as the court refused to award it the full measure of relief for which it contended, that party appeals.

Appellant, a landlord, insists that it was entitled to a judgment declaring a forfeiture of a lease out of which the rights and duties of the respective parties spring, and it is that relief which was denied by the trial court. The lease contained a paragraph forbidding assignments of the in-

strument without the consent of the lessor. A part of the paragraph follows, with our italics: "It is expressly made a condition of this lease that in the event that any person, other than the lessee named herein, shall secure possession of the interest of the lessee hereunder,*under execution, or by reason of any receivership or proceeding in bankruptcy, or other operation of law, or otherwise,* . . . all interest of the lessee hereunder, shall, at the option of the lessor, forthwith cease and terminate, and the lessor may forthwith or at any time thereafter, . . . re-enter and take possession of said premises . . . " The contention of appellant that it was entitled to judgment that the lease had been forfeited is based upon this language of the instrument and, particularly, upon the italicized portion of it. The claim that there was a forfeiture is founded upon these further facts: During the term created by the lease the lessee died. Letters of administration in the matter of his estate were taken out by his wife and she entered upon her duties as administratrix. In the due course of the administration of the estate, and upon due order of the court sitting in probate, the administratrix sold the leasehold interest of the lessee under the lease and made assignment of the instrument to the purchaser. The latter went into possession under the assignment. [1] The sole question presented by appellant for determination, doubly stated, is this: Did the assignment come within the language of the lease which is above set forth? Did the sale and the consequent assignment of the leasehold interest invade the legal meaning of the words "or other operation of law, or otherwise"?

Respondents insist that the question raised must be answered in the negative for the reason that, in the light of the facts inherent in the nature of the transfer of the leasehold interest, the words last quoted are harmless to their rights as assignees under the rule of construction familiarly associated with the expression *ejusdem generis*. There is no difficulty in ascertaining the general import of this rule. Its meaning is so well understood as to require no exposition here. The real question, as is usually the case, is to determine whether the rule fits the facts now presented—whether a sale and delivery of property of a decedent under a probate proceeding and as a step in the settlement of his estate is a transfer by operation of law "of the same kind" with a

transfer "under execution, or by reason of any receivership or proceeding in bankruptcy." It is to be observed, in aid of the contention of respondents, that the specific transfers by operation of law which are mentioned in the lease are those possibly to arise because of the inability of the lessee to meet his financial obligations, those which, under the law, except in the case of a voluntary bankruptcy, are, in addition, harsh, forced, and not in any manner under the direction of himself or of any personal representative. The following reflections appear to justify this classification as one to be employed in determining whether the transfer under the probate proceeding was one "of the same kind" with those specifically mentioned in the lease. Such a transfer is not one which in its essence arises from an inability to pay debts, but through death. It is not forced, in the sense in which that term is applied to the three methods 'or kinds of transfer in terms named in the instrument. A transfer in probate is initiated, engineered and controlled, subject to the orders of the court, by a personal representative of the deceased, a representative who is so near to him that, under the law governing cases of intestacy, he must primarily be the spouse, or be selected from among the relatives, of the deceased, and it is therefore in a sense friendly and voluntary. It is particularly worthy of note that, as we have already remarked, a transfer under probate proceedings arises from death and not from an inability of a living person to pay his debts. With this thought in view, the lease is to be construed, if we adopt appellant's contention, exactly as if it provided that the term created by the instrument was to end, at the option of the lessor, upon the death of the lessee. This is a method of forfeiture which, it appears to us, is different from those contemplated by the reference in the lease to sales under execution, in bankruptcy proceedings, or through receiverships. We are convinced, as argued by respondents, that the lease was not so drawn as to prevent the term created by it "from passing into the hands of an administrator and being disposed of by him in the usual course of the administration of the estate, without the consent of the lessor."

[2] In considering the question urged by appellant we have paid due regard to the rules of law that where there is a claim made that a forfeiture of rights under a written

instrument has occurred, the burden is upon the party making the point "to show that such was the unmistakable intention of the instrument" (*Quatman* v. *McCray*, 128 Cal. 285 [60 Pac. 855]; [3] and that the courts tenaciously cling "to the rule that forfeiture of estates and restraints upon alienations should not be enforced except when the terms of the conditions are so plain as to be beyond the province of construction" (*Randol* v. *Scott*, 110 Cal. 590 [42 Pac. 976]. See, also, *Jameson* v. *Chanslor-Canfield Oil Co.*, 176 Cal. 1 [167 Pac. 369], citing Civ. Code, sec. 1442).

Before leaving the question here involved it is proper to mention a point not presented by counsel, as it seems necessary, or at least convenient, to a final disposition of the appeal. [4] It is settled by many cases, only one of which we shall cite (*Strange* v. *Board of Commissioners*, 173 Ind. 640 [91 N. E. 242]), that, under the rule *ejusdem generis*, when the specific words employed in the instrument sought to be construed are exhaustive of the class to which they belong, some meaning must be found for the general words if possible, because of the well-known rule that effect must be given to all parts of a writing if that result can be accomplished. It is said in the case cited that the rule "that general words following a particular enumeration will not include things of a superior class has no application where the rule would leave the general words without meaning or effect." We are thus inspired to inquire whether there are sales or transfers by operation of law other than those under execution, under receiverships, or in bankruptcy, which are in the same class with those specifically named, and, if there be any, to state what they are. In that class, it seems to us, as we have above described it, are sales by order of court, by commissioners or other officers, in decrees for the foreclosure of mortgages. [5] It is true that for some purposes a foreclosure sale is to be treated as an execution sale (*Moore* v. *Ross*, 139 Ind. 200 [38 N. E. 817]), but we have no difficulty in determining that for the purposes of the instrument before us, and under the rules of law concerning forfeitures which we have above stated, it is not so to be considered. (See, also, *Norton* v. *Reardon*, 67 Kan. 302, [100 Am. St. Rep. 459, 72 Pac. 861].) A sale under decree of foreclosure would therefore come within the general language of the lease which we now construe. Perhaps

other methods of judicial sale might be named which would fall under the same classification, but it is not necessary further to pursue an inquiry into the subject. As a meaning has been found for the general language of the lease, within the class into which the specifically named modes of transfer naturally fall, it is neither necessary nor proper to include probate sales within the general designation.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 12, 1925, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 10, 1925.

Myers, C. J., dissented.