[Civ. No. 5385. Second Appellate District, Division Two.—September 30, 1927.]

SAFEWAY STORES, INCORPORATED, Appellant, v. W. A. BUHLINGER, Respondent.

I. W. Stewart and Arvin B. Shaw, Jr., for Appellant.

Henry G. Bodkin for Respondent.

CRAIG, J.—On April 6, 1922, the appellant corporation (under the then name of "Sam Seelig Company") made and executed to George Helwig and W. A. Buhlinger a lease of certain floor space in appellant's store on Santa Monica Boulevard, in the city of Los Angeles, for the period of eight years from May 1, 1922. Paragraph seven of said lease contained the following provision: "This lease, or any part thereof, shall not be assigned, by operation of law, or otherwise, nor any part of said premises sublet, without the written consent of the lessor . . . ; no waiver of a breach of any covenant, agreement or provision herein contained shall be construed /as a waiver of any subsequent breach of the same or any other covenant, agreement or provision, . . . "

It is admitted that the respondent and Helwig were co-partners, and that on or about November 1, 1922, respondent purchased Helwig's interest in the business and in the lease, and that the latter assigned all of his right, title, and interest therein to the respondent. Thereafter Helwig had no interest in the business, nor in the leasehold, and he visited the store only occasionally, for the purpose of buying merchandise from his ex-partner.

The lease contained a common provision giving the lessor the right to declare the term ended and to re-enter the premises in case of default in the payment of rent or in the performance of any of its covenants or provisions. On March 10, 1925, the appellant notified respondent in writing, as follows: " . . . it has just come to the knowledge of the undersigned that a part of the lease hereinafter mentioned, to-wit, the interest of George Helwig therein has heretofore been assigned without the consent of the lessor and in violation of the terms of said lease, and that thereby

said lease has been terminated and you are hereby notified to quit said premises and to restore the possession of said premises to the undersigned. . . . You are hereby required to deliver over said premises to the undersigned within three (3) days after the service upon you of this notice and in default thereof action will be commenced to recover possession thereof, together with such damages as the undersigned will be entitled to recover.''

Respondent continued in possession of the premises, and on April 4, 1925, appellant commenced this action for restitution, damages, attorneys' fees, and costs. Appellant alleged in its complaint that the assignment from Helwig to Buhlinger constituted a violation of the covenant against assignment or transfer of a part of the lease, that it was made without the plaintiff's consent in writing or otherwise, that the plaintiff had no knowledge of said assignment prior to March 9, 1925, and that the defendant unlawfully held and continued in possession, without the plaintiff's consent, all of which respondent denied in his answer. Upon a trial before the superior court without a jury, each of the allegations of the complaint last mentioned was found to be untrue, judgment was rendered in favor of the defendant, and the plaintiff appeals.

The only question necessary for decision of this case is as to whether or not a breach of one of the conditions of the lease resulted from the assignment of Helwig's interest to respondent, without the consent of the lessor. That such was not the legal effect is clear from the principles laid down in *Spangler* v. *Spangler,* 11 Cal. App. 321 [104 Pac. 995], and *Randol* v. *Tatum,* 98 Cal. 390 [33 Pac. 433]. But appellant insists that the lease here in question may be differentiated from those involved in the decisions mentioned, in that there the covenant was against assignment of any part of the lease. Language not distinguishable from this was employed in the lease passed upon in *Adlestein* v. *Greenberg,* 77 Cal. App. 548 [247 Pac. 520], wherein it was provided that an assignment ''of this lease or any interest therein'' was prohibited upon penalty of forfeiture, but the principle running through all of these cases is that an assignment by one joint lessee to another does not violate a covenant against assignment of the lease or an interest therein, because it requires the joint act of the colessee to

effect an assignment, whereas in the case of one lessee assigning to the other the joint act does not occur. See, also, *Jameson* v. *Chanselor-Canfield Co.*, 176 Cal. 1 [167 Pac. 369]. It follows that only where assignment is made to a stranger to the original agreement is the covenant against assignment violated. Where there is a claim made that a forfeiture of rights under a written instrument has occurred, the burden of proof is upon the party making the point ''to show that such was the unmistakable intention of the instrument'' (*Quatman* v. *McCray*, 128 Cal. 285 [60 Pac. 855]); ''and the courts tenaciously cling to the rule that forfeiture of estates and restraints upon alienations should not be enforced except when the terms and conditions are so plain as to be beyond the province of construction.'' (*Stratford Co.* v. *Continental Mtg. Co.*, 74 Cal. App. 551 [241 Pac. 429].) In the latter case a hearing in the supreme court was denied. The plaintiff has not brought itself within either branch of the rule above quoted, hence the judgment should be affirmed.

Judgment affirmed.

Works, P. J., and Collier, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 28, 1927, and a petition by appellant for a rehearing of this cause was denied by the district court of appeal on November 28, 1927.