[Civ. No. 17995.   Second Dist., Div. One.   May 29, 1951.]

ALWINA ELISABETH HOOPS et al., Appellants, v.
ADELAIDE A. TATE et al., Respondents.

Kemper Campbell, John G. Sobieski and Johnson & Sobieski
for Appellants.

Allard, Brownsberger, Shelton & O'Connor, Joseph A. Al-
lard, Jr., and Maurice O'Connor for Respondents.

DRAPEAU, J.—Plaintiffs own a store building in Pomona
which they leased to four defendants, husbands and wives.

The lease was for a term of 10 years.   Defendants proposed
to, and did operate a retail ladies' ready-to-wear store on the
leased premises.

Differences as to the conduct of the business arose among
the parties.   One of the couples sold out to the other couple,
and retired from the business.   No written assignment of the
lease was made, nor were the premises sublet.

Plaintiffs served defendants with notice terminating the
tenancy, and demanded possession of the store.

The demand being refused, plaintiffs brought this action for possession of the property, and for damages, upon two theories: First. That the transfer by two of the defendants of their interest in the business was an assignment of the lease, contrary to a covenant requiring consent of the lessors. Secondly. That the percentage feature of the lease was an essential part of it, the rent to be paid being $275 per month plus a percentage of the gross retail sales of the business, with a fair rental value of the store of $600 per month; that it was understood and agreed that all of the defendants were to work in the business, the ladies being experienced salespeople and the husbands experienced businessmen, the services, capital, and "know how" of all of them being necessary to make maximum gross sales; that this was "actually the factor" which induced plaintiffs to lease the property; and that this agreement was breached when two of the defendants disposed of their interest in the business to the other two.

The trial court found that the transfer of the interest in the business resulted in an assignment of the lease, but that no covenant in the lease had been violated. From the judgment which followed plaintiffs appeal.

Covenants against assignment do not apply to co-lessees. (*Spangler* v. *Spangler*, 11 Cal.App. 321 [104 P. 995]; *Adelstein* v. *Greenberg*, 77 Cal.App. 548 [247 P. 520]; *Safeway Stores* v. *Buhlinger*, 85 Cal.App. 717 [259 P. 1013].)

There is substantial evidence in the record to support the court's finding that there was no implied covenant of individual lessees to continue active participation in the business for the term of the lease. And no express covenant to that effect appears in the lease.

As stated in *Cousins Inv. Co.* v. *Hastings Clothing Co.*, 45 Cal.App.2d 141 [113 P.2d 878], implied covenants must arise from the language used in agreements, or must be indispensable to effectuate the intention of the parties.

Plaintiffs' contentions that the findings do not support the judgment, that the trial court failed to find upon a material issue, and that erroneous findings were made, have been checked with the record. The findings are sufficient, and cover the material issues.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 26, 1951. Schauer, J., voted for a hearing.