No. 41,441

Roy Borgen and Mary Borgen, *Appellees*, v. Billy Wiglesworth and Merle McClure, *Appellants*.

(340 P. 2d 365)

Opinion filed June 13, 1959.

*John J. Riling*, of Lawrence, argued the cause, and *Eugene C. Riling*, of Lawrence, was with him on the brief for the appellants.

*Geo. K. Melvin*, of Lawrence, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

Price, J.: This is an action for injunctive relief. Defendants attempt to appeal from adverse rulings hereafter mentioned.

The facts as disclosed by the pleadings and written stipulation, and the procedural aspects of the case, will be summarized briefly.

Plaintiffs owned a tract of land in Lawrence and leased it to defendants who, under the terms of the written lease, were to construct a building adapted to and to be used for the washing and servicing of automobiles. The lease provided that the building was to revert to plaintiffs upon expiration thereof. Such a building was constructed by defendants and was used by them for the intended purpose for some months. The lease further provided that defendant lessees should have the right to construct any additions to such car-

washing building at their own expense and to their own specifications. Defendants later obtained a building permit from the city to remodel, reconstruct and add to the building, their intention being to install and conduct therein a "launderaide" for the automatic washing and cleaning of clothes, and, pursuant to the permit, started to remodel and reconstruct the building for such purpose. Upon learning of defendants' intentions to put the building and addition thereto to a use different than that specified in the lease, plaintiffs filed this action to enjoin them from remodeling or reconstructing the building for any use or purpose other than that of car washing and servicing.

Defendants' demurrer to the petition on the ground it failed to state a cause of action was overruled.

Defendants then filed an answer which, after making certain denials, admitted that they had secured a building permit under which they were authorized to remodel, reconstruct and add to the building in question. It was further alleged that the lease was definite and unambiguous, and that it contained no restriction as to the use of the premises with the exception of a cafe and restaurant business.

Defendants, through one of their attorneys, and plaintiffs, by their attorney, then entered into a written stipulation which stated that defendants, under the building permit, intended to and were remodeling and reconstructing the building in question for the purpose of installing and conducting a "launderaide" for the automatic washing and cleaning of clothing. The stipulation further stated that it would be binding upon the parties only for the purpose of narrowing the issues, and that the parties were not to be precluded from offering such evidence as they deemed necessary or proper in the trial of the case.

It then appears that both plaintiffs and defendants moved the court to determine a "question of law" in advance of trial. The court was asked to decide whether the proposed use by defendants of the property was a violation of the terms of the written lease—or, stated differently, were plaintiffs entitled to the injunctive relief sought?

On October 9, 1958, the court ruled on this question of law, the gist of such ruling being that defendants, under the terms of the lease, were not permitted to change completely the character of the original building, as heretofore related.

On November 21 defendants, through both of their attorneys, filed a motion to set aside the ruling on the ground that it was based upon "erroneous facts" contained in the written stipulation previously filed in that such stipulation erroneously stated that the building was being remodeled and reconstructed when, as a matter of fact, its construction "was merely being completed."

On the same date defendants filed what is denominated as an "offer of proof by defendants in defense of plaintiffs' action," the contents of which, for our purposes, need not be related.

It then appears that plaintiffs, on a date not shown, filed their motion for judgment on the pleadings and stipulation. This motion contained the further statement that if the issues were not already fully determined on the record as a question of law, then plaintiffs requested the court to set it for hearing on the question of reformation of the contract.

On November 26 the court denied defendants' motion to set aside the ruling of October 9th on the question of law. For present purposes, the basis of this ruling need not be related.

On December 8 defendants filed their notice of appeal to this court from the rulings of October 9th and November 26th, "and from each and every ruling, decision and judgment of the Court adverse to the defendants in this action."

The specifications of error are that the court erred (1) in overruling the demurrer to the petition; (2) in its ruling on the issue of law before trial; (3) in overruling defendants' motion to set aside the ruling on the question of law; (4) in not ruling on plaintiffs' motion to determine question of law; (5) in not ruling on plaintiffs' motion for judgment, and (6) in not hearing evidence in the case before making the rulings above referred to.

Under the record, we are at a loss to understand how defendants are in position to complain of the action of the court in not ruling on plaintiffs' motions as mentioned in specifications 4 and 5, and as to such specifications there is no merit.

A short answer to the first specification of error, concerning the ruling on the demurrer to the petition, is that defendants failed to appeal from such ruling. Other than the orders of October 9th and November 26th, the appeal is from only "each and every ruling, decision and judgment of the Court adverse to the defendants in this action." If defendants desired to appeal from the ruling on the demurrer the notice of appeal should have so stated, and in

this connection see *Dolan Mercantile Co. v. Wholesale Grocery Subscribers,* 131 Kan. 374, 380, 291 Pac. 935, (Syl. 2); *Mundell v. Franse,* 143 Kan. 139, 140, 53 P. 2d 811; *Salt City B., L. & S. Ass'n v. Peterson,* 145 Kan. 765, 67 P. 2d 564, (Syl. 1), and *Curtis v. Kansas Bostwick Irrigation District,* 182 Kan. 301, 303, 320 P. 2d 783, (Syl. 3).

With respect to the remaining specifications of error to the effect the court erred in its rulings of October 9th and November 26th, and that the court should have heard evidence before making the two rulings in question, we are forced to the conclusion that under this record and the admissions of the parties, neither of the rulings in question amounted to a final order and that this appeal must be dismissed.

In its ruling of October 9th the court took cognizance of the reservation in the written stipulation whereby the parties were not to be precluded from offering such evidence as they deemed necessary or proper in the trial of the case. The record before us is confusing and apparently incomplete as to just what transpired in the court below following the rulings which have been referred to, but the fact remains that counsel, both in oral argument and in their briefs, tell us that on March 26, 1959, the court heard evidence on plaintiffs' motion for judgment, and that a ruling thereon is now under advisement. It appears, therefore, that neither the ruling of October 9th nor that of November 26th was an order which in effect determined the action and prevented a judgment—that is, neither was a final order as defined by G. S. 1949, 60-3303, and from which, under the preceding section of the appeal statute, an appeal may be taken.

The rule is well established that this court, on its own motion, has the authority and duty to determine its jurisdiction to entertain an appeal. (*Curtis v. Kansas Bostwick Irrigation District,* 182 Kan. 301, 302, 320 P. 2d 783, (Syl. 2).)

The appeal is dismissed.