No. 42,366

Roy Borgen and Mary Borgen, *Appellants*, v. Billy Wiglesworth and Merle McClure, as individuals and Billy Wiglesworth, Burton H. Lee, and William F. Boswell as Partners Doing Business under the Name of Wash-O-Matic, *Appellees*.

(375 P. 2d 601)

Opinion filed November 3, 1962.

*George K. Melvin*, of Lawrence, was on the briefs for the appellants.

*John J. Riling* and *Eugene C. Riling*, both of Lawrence, were on the briefs for the appellees.

The opinion of the court was delivered by

Jackson, J.: Appellants who are the plaintiffs in the court below are lessors in a certain lease covering a rather large lot which is now within the city of Lawrence. In April, 1957, plaintiffs leased this lot to Wiglesworth and McClure, who are made defendants in the present action. We should observe at the start that this case or allied litigation has been before this court previously, see *Borgen v. Wiglesworth*, 185 Kan. 108, 340 P. 2d 365, and *Borgen v. Wiglesworth*, 189 Kan. 261, 369 P. 2d 360. Moreover, there is another appeal pending before the court at the present time, No. 42,270, *Borgen v. Wiglesworth*, ante, page 365, this day decided.

All these cited cases involve the same difficulty between the plaintiffs and defendants. As we understand the present case, it was one simply drawn up by new pleadings and submitted to the trial court with stipulations and an agreement that the evidence in the case in 189 Kan. 261, *supra*, would be used to supply the facts for the present action. In this action it is asserted that the lessees have been subletting the real estate, and it·is prayed that they be enjoined from carrying out such subleases.

The learned trial judge, after considering the case, handed down a memorandum opinion in which he makes findings of fact and con-

clusions of law and portrays the situation in the clearest manner possible. Therefore, we set out the memorandum below:

"On September 16, 1960, the court filed a memorandum opinion and entered judgment thereon on the 20th day of September, 1960. Said memorandum opinion is as follows:

"This case was tried to the Court on June 16, 1960 and has since been under advisement for decision. The briefs which counsel requested leave to submit have been filed and considered.

"In this memorandum the defendant Billy Wiglesworth will be referred to as W; the defendant Merle McClure will be referred to as M; the defendant Burton H. Lee will be referred to as L; the defendant William F. Boswell will be referred to as B; and the defendants Billy Wiglesworth, Burton H. Lee and William F. Boswell, a partnership dba Wash-O-Matic, will be referred to as the partners."

From the evidence submitted, the following findings are made:

"1. On April 1, 1957 plaintiffs leased a tract of land 167 x 100 feet to W and M for a term of seven years with the option to renew the lease for two additional five year terms. Under the terms of this lease W and M agreed to construct a building for car washing and car servicing purposes, to pay the taxes on said tract for 1951 and subsequent years, and to pay rent at the rate of $50 per month beginning April 1, 1959, but they had the right to give up the lease at any time. This lease has been of record in the office of the Register of Deeds of this county since April 23, 1957. Under the lease W and M are expressly forbidden to use the leased premises for the operation of a restaurant or cafe business.

"2. W and M constructed the building as required by the lease and began the business of washing cars in the early part of June, 1957, which business they continued to operate until sometime in October, 1957 at which time they stopped.

"3. Among other provisions contained in the lease is a covenant in which W and M agree that they will not assign their lease or sublet the property so leased until they have been given written permission from plaintiffs. The lease does not, however, define the respective rights and liabilities of the parties in the event said covenant against assignment or subletting should be breached. The only provision for a forfeiture contained in said lease pertains to nonpayment of rent.

"4. At or shortly after W and M stopped operating the car wash business, M sold out to W and thereafter ceased to have or claim any interest in said lease.

"5. Sometime between the time W and M finished construction of the car wash building and March of 1958, the leased premises were annexed to the City of Lawrence.

"6. Shortly after W and M quit the car wash business, W approached plaintiff, Roy Borgen, about the matter of a new lease to himself and L and B under which the building to be constructed thereunder could be used for any lawful business purpose except that of operating a cafe or restaurant. Although said plaintiff initially evidenced sufficient interest in this proposition

to suggest that W submit a proposed lease, plaintiffs ultimately refused to enter into the same.

"7. On March 26, 1958 W was granted a permit by the City to convert the building in question from a car wash to a launderaide and shortly thereafter began the work required to effect such conversion.

"8. Sometime in March, 1958 W and L and B entered into a partnership for the purpose of operating an automatic laundry service in the premises which plaintiffs had leased to W and M. By the terms of this contract W sold a ⅔rds interest in the car washing building to L and B and W, L and B each had a ⅓rd interest in the automatic laundry business. The partnership contract had a provision which is intended to fix the duration of the partnership but the date thereof is blank and there is nothing in the evidence to indicate when the arrangement is to terminate. Although W at first contended that he was the sole owner of the launderaide business he finally admitted that L and B were equal partners in the ownership and management thereof. The building was converted for use as a launderaide within a short time after the formation of the partnership, since which time the partners have been operating such business therein. The partnership contract contained a clause which provided that should W's lease from the plaintiffs be declared void within one year after the date of said contract then all machinery, fixtures and equipment of the laundry business would become the property of L and B.

"9. On April 16, 1958 plaintiffs brought an action in this court (No. 21225) against W and M to enjoin them from engaging in any business except that of car washing and car servicing, to enjoin them from altering the building so as to make it useable for any business other than that of car washing or car servicing and for reformation of the lease if prerequisite to the relief plaintiffs sought. In the trial of this action, which was held on March 26, 1959, evidence was adduced which disclosed the facts heretofore detailed in reference to W acquiring the interest of M in the lease and in regard to the partnership which W had entered into with L and B, but the judgment ultimately entered expressly excluded an adjudication of any dispute about such matters because they were not within the scope of the pleadings. This was the first time plaintiffs had either notice or knowledge of such acts on the part of W and M, to which acts plaintiffs had not consented, either verbally or in writing. From an adverse judgment entered on December 12, 1959, plaintiffs appealed and such appeal is now pending before the Supreme Court.

"10. On March 31, 1959, plaintiffs filed an action in this court (No. 21477) against W and M for the cancellation of the lease between such parties on the theory that this relief was warranted under the provision of said lease by the terms of which W and M agreed not to assign their lease or sublet the property until granted written permission so to do by plaintiffs. Defendant's demurrer to plaintiff's petition was sustained and no appeal has been taken from such ruling.

"11. On February 8, 1960, plaintiffs filed the instant action in which they pray judgment that defendants W and M be permanently enjoined from transferring or assigning any interest in the lease to each other or to any other person or entity without the written consent of the plaintiffs; that defendants L and B as individuals and defendants W, L and B as partners be permanently

enjoined from exercising any supposed or presumed rights which they may claim in said leasehold by reason of any transfer or assignment to them by the defendant W and/or M, and from accepting and exercising or attempting to exercise any assignment or rights thereunder in the future; and that plaintiffs have such other and further relief as the facts may determine.

"CONCLUSIONS

"1. The court adheres to its prior ruling that the judgments in cases numbered 21225 and 21477 are not *res judicata* to the instant case.

"2. Kansas is thus far committed to the rule that covenants against assignment or subletting, being restrictions upon the rights of alienation, must be strictly construed against the lessor and are not extended or enlarged by implication. (*Lawrence v. Cooper Independent Theaters,* 177 Kan. 125 at 130, 276 P. 2d 350). So construed the acts which plaintiffs charge as being in violation of the covenant against assignment and subletting, to which reference is made in the findings, do not constitute a breach thereof. (See: 17 ALR 185 *et seq;* also *Hunter v. Johns, et al.* (Pa.), 119 A. 605; *Paul Pleating & Stitching Co., Inc. v. Levine, et al.,* 242 N. Y. S. 729; *Morris Glick, Inc. v. Grubman, et al.,* 56 N. Y. S. 2d 324; *244 West 27th Street Corp. v. Lieberman, et al.,* 93 N. Y. S. 823; *DeAngeles v. Cotta, et al.* (Cal.), 217 P. 821; *Safeway Stores, Inc. v. Buhlinger* (Cal.), 259 P. 1013; *Hoop, et al., v. Tate, et al.* (Cal), 231 P. 2d 560.)

"Judgment will be entered for the defendants for costs on September 20, 1960."

The first conclusion above is probably correct, but we do not need to discuss it.

As to the second conclusion, the cases cited by the court seem ample to sustain the position taken. We believe the cases speak for themselves. We are convinced, as found by the trial court, that under the facts of this case, the plaintiffs are not entitled to enjoin the defendants (*Borgen v. Wiglesworth,* 189 Kan. 261, Syl. ¶ 4, 369 P. 2d 360) and the judgment of the district court is affirmed.