No. 42,270

Roy Borgen and Mary Borgen, *Appellees,* v. Billy Wiglesworth and Merle McClure, as individuals and Billy Wiglesworth, Burton H. Lee and William F. Boswell as Partners Doing Business under the Name of Wash-O-Matic, *Appellants.*

(375 P. 2d 600)

Opinion filed November 3, 1962.

*John J. Riling* and *Eugene C. Riling,* both of Lawrence, were on the brief for the appellants.

*Geo. K. Melvin,* of Lawrence, was on the brief for the appellees.

The opinion of the court was delivered by

Schroeder, J.: This is an action seeking to enjoin the assignment and subletting of a written lease. Appeal has been duly perfected from the trial court's ruling on a question of law submitted at a pretrial conference upon stipulations, wherein the trial court ruled that the determination of two former actions concerning these parties did not permit the defense of *res judicata* in the instant action.

The controlling question is whether an appeal can be perfected

from the above order prior to the entry of a final order in the case.

This appeal is a companion to the appeal in Case No. 42,366, *Borgen v. Wiglesworth,* 190 Kan. 367, 375 P. 2d 601, this day decided, to which reference is made for the facts giving rise to this appeal. (See finding No. 11 and conclusion No. 1 in the trial court's quoted memorandum opinion.)

Here a ruling of law on the question of *res judicata* was requested and was made by the trial court prior to the trial of the case. The appellants came to this court with an appeal therefrom prior to the trial of the case, and no further appeal from such ruling has ever been perfected. After such ruling on the question of *res judicata,* the trial court set the case for trial. After trial appeal was perfected from the final decision by the appellees herein in Case No. 42,366, *supra.* A cross appeal could have been filed by the appellants herein in Case No. 42,366, *supra,* on the docket of this court, after the conclusion of the entire case in the lower court, but counsel apparently did not see fit to do so.

The order from which appeal has been perfected in the instant case was not one which in effect determined the action and prevented a judgment. It was not a final order as defined by G. S. 1949, 60-3303, and from which, under the preceding section of the appeal statute, an appeal may be taken.

Accordingly, we hold there is no valid appeal from the preliminary ruling of the trial court on the question of law submitted, and this appeal must be dismissed. (*Borgen v. Wiglesworth,* 185 Kan. 108, 340 P. 2d 365.) Similar decisions in analogous situations may be found in *Hoffman v. Dautel,* 190 Kan. 131, 373 P. 2d 191, and cases cited therein.

The appeal is dismissed.