No. 42,921

PETER T. CARR and THELMA M. CARR, *Appellants*, v. ANTHONY C. KENDZORA, Doing Business As KEN CONSTRUCTION COMPANY, *Appellee*.

(376 P. 2d 795)

Opinion filed December 8, 1962.

A. J. Herrod, of Kansas City, was on the brief for the appellants.

John E. Blake, Bill E. Fabian, Robert E. Fabian and John E. Blake, Jr., all of Kansas City, were on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover for the alleged breach of an oral contract.

Because of our disposition of the appeal, the allegations of the pleadings need be mentioned only briefly.

According to the petition, plaintiffs and defendant construction company entered into an oral agreement whereby defendant agreed to furnish the labor and materials and to construct the foundation of a house which plaintiffs were building in Wyandotte county. It was agreed that the construction of the foundation piers and footings was to be done by defendant in a first class workmanlike manner in accordance with the custom and in the manner necessary to provide good and sufficient support for the house to be placed thereon.

It was further alleged that for several years prior thereto there had existed in Wyandotte county a "custom" among persons engaged

in the construction business that in the event it developed the ground upon which the foundations were placed was soft or not of sufficient firmness to prevent settling or sinking, the foundation builder would notify the owner of such conditions and would not proceed with the construction of the foundation until the owner had an opportunity to inspect the ground upon which the foundation was to be constructed, and given an opportunity to decide what additional work was to be done in order to remedy the situation; and that such "custom" was well known to plaintiffs and defendant and had been acted upon by them in construction of foundations at other times.

It was further alleged that defendant was fully aware of the fact that the soil and earth on which the foundation in question was to be constructed was not of sufficient firmness to support the building to be placed on such foundation, and that it carelessly and negligently failed to notify plaintiffs of such fact. Then follow other allegations not here material, setting forth the damages allegedly sustained by plaintiffs due to the faulty construction on the part of defendant company.

Issues were joined by the filing of an answer and a reply.

The record then discloses that a pre-trial conference was held to determine the question whether at the trial of the action plaintiffs should be permitted to introduce evidence of the "custom" among persons engaged in the construction business, as alleged in the petition and heretofore referred to.

At the conclusion of the pre-trial conference the court ruled:

"After consideration of such question, the Court concludes that no evidence as to the custom should be received in the trial of the above entitled action. . . ."

Plaintiffs appealed from that order and their notice of appeal reads that they appeal:

"From the order of the Court holding that no evidence as to the custom pleaded by the plaintiffs in the original and amended petitions filed in this cause should be received in the trial of the above entitled action."

The order in question is specified as error.

In their briefs the parties cite and discuss numerous cases dealing with the question of the admissibility of evidence of "custom." (See *Jukes v. North American Van Lines, Inc.,* 181 Kan. 12, 20, 21, syl. 5, 309 P. 2d 692.)

Our examination of the record, however, compels us to conclude

that the order appealed from is not an appealable order and therefore the appeal must be dismissed. This court must always inquire as to its own jurisdiction to entertain an appeal even though the question is not raised by the appellee. (*In re Estate of Hilliard,* 170 Kan. 617, 618, syl. 1, 228 P. 2d 536; *Kimel, Executor, v. Briggs,* 183 Kan. 315, 317, syl. 1, 328 P. 2d 746; *Klepikow v. Wilson,* 189 Kan. 66, syl. 1, 366 P. 2d 800.)

G. S. 1949, 60-3302, provides that this court may reverse, vacate or modify a final order.

G. S. 1949, 60-3303, defines a final order as being an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment.

In no sense of the word may it be said that the order here in question, made at a pre-trial conference, determines the action and prevents a judgment. It therefore is not a final order as defined by G. S. 1949, 60-3303, and at this stage of the case is not an appealable order. (See *Borgen v. Wiglesworth,* No. 42,270, 190 Kan. 365, 375 P. 2d 600.)

The appeal is therefore dismissed.