No. 43,352

O. J. CONNELL, JR., and ELDON SCHWEMMER, *Appellants,* v. THE
STATE HIGHWAY COMMISSION OF KANSAS, *Appellee.*

(388 P. 2d 637)

Opinion
filed January 25, 1964.

*Warren Ralston,* of El Dorado, argued the cause, and *Gale Moss,* of El
Dorado, was with him on the briefs for the appellant.

*Robert M. Bond,* of El Dorado, argued the cause, and *Charles N. Henson*
and *Roy G. Lowe,* both of Topeka, and *L. J. Bond,* of El Dorado, were with
him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This controversy stems from pretrial rulings of the
district court in an appeal from an award in a condemnation pro-
ceeding.

The appellants appealed to the district court from the appraisers'
award in a condemnation proceeding instituted by the State High-
way Commission. Parts of several adjoining tracts in which there
were common interests were taken. However, the appeal to this
court covers 7.22 acres more or less, exclusive of existing highways,
described by metes and bounds, and located in the northeast
quarter of section 20, township 25 south, range 6 east, Butler
County, Kansas.

The appeal proceedings were pretried the day before the issues
were to be tried on the merits. During the pretrial proceedings

the appellants orally raised three legal questions which the district court determined. The next day when the case came on for trial the appellants presented a motion for determination of questions of law before trial. The motion presented the same questions as were presented at the pretrial conference. The court considered the motion and made the same determination, but it reduced its rulings to writing in the form of a journal entry.

The questions presented read:

"Wherefore, said O. J. Connell, Jr., and Eldon Schwemmer respectfully move the Court to determine, as a matter of law that:

"1. They are entitled to try their portion of the appeal with relation to said Tract 11 (c) on the legal theory and rule that it was a part of a farm unit consisting of 1,058.7 acres of land; on February 24, 1962, and prior thereto.

"2. They are entitled to the legal interpretation that the area comprising the previously existing township road laying within the description as set out relating to said Tract 11 (c) has not been condemned in the proceeding set out above;

"3. They are entitled to recover from the State Highway Commission as a part of the damages attributable to the taking of said Tract 11 (c) such sum or amount, as a portion of the damage to the remainder of said 1,058.7 acres as would be reasonably required to connect said existing township road to the proposed new state highway. . . ."

The journal entry determining the questions states in part:

"Whereupon, counsel for landowners orally moved the Court for continuance of said cause and announced that the landowners would appeal from the ruling of the Court on said motion, and the Court finds that said cause should be continued until further order of the Court.

"It Is Therefore by the Court Considered, Ordered and Adjudged that that part of said motion contained in paragraphs 1 and 2 of the prayer thereof be and same hereby are overruled and denied and that paragraph 3 of the prayer of said motion be and same hereby is sustained subject to such modifications dictated into the record by the Court.

"It Is Further by the Court Considered, Ordered and Adjudged that the trial of said cause be continued until further order of the Court."

The appellants have appealed from the trial court's determination of the questions of law adverse to their contentions and also from an order of the trial court reserving the determination of the question of the admissibility of a certain letter as evidence until the letter was introduced at the trial on the merits.

At the outset we are confronted with the contention of the appellee that the orders and rulings from which the appeal was taken are not final orders and therefore the appeal should be dismissed.

We are forced to agree with appellee's contention as applied to rulings at pretrial proceedings.

The jurisdiction of this court on appeal is covered by G. S. 1949, 60-3302. The provisions material to this controversy read:

"The supreme court may reverse, vacate or modify any of the following orders of the district court or a judge thereof, or of any other court of record, except a probate court. *First*—A final order. . . . *Third*—An order that involves the merits of an action, or some part thereof. . . ."

Final orders are defined by G. S. 1949, 60-3303, as follows:

"A final order which may be vacated, modified or reversed as provided in this article is an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment. . . ."

This court at a very early date defined a final order or judgment as follows:

"A final judgment is one which finally decides and disposes of the whole merits of the case, and reserves no further question, or direction, for the future or further action of the court . . ." (*Brown v. Galena Mining and Smelting Co.*, 32 Kan. 528, 4 Pac. 1013, Syl. 2.)

The court has continued to restate the definition in considering appellate jurisdiction. In *Cheney v. Cheney*, 186 Kan. 743, 352 P. 2d 959, it was held: "For an order of the trial court to be final and appealable, it must be such as would result in the final determination of the action." (Syl. 2.)

Many exceptions or distinctions have been noted in the decisions which appear to be in conflict with the general definition. This was perhaps due to the rather ambiguous statutory phrase, "an order that involves the merits of an action, or some part thereof," and was necessary prior to 1937 if the right to have errors of the trial court, which might have affected the right of a party, reviewed on appeal. The time for appeal might very well have expired between the time an erroneous order or ruling was made by the trial court and a final judgment was entered. This situation was corrected in 1937 (G. S. 1949, 60-3314a) and clarified in 1951 by the following enactment:

"When an appeal or cross-appeal has been timely perfected the fact that some ruling of which the appealing or cross-appealing party complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling." (G. S. 1961, 60-3314a.)

If a timely appeal was taken from a final judgment, previous orders could be reviewed regardless of the expiration of time.

However, before the provision was enacted this court had committed itself to certain exceptions to the rule that a judgment or order to be appealable must result in a final determination of all issues. In deciding in excess of two hundred cases in which the question was raised, no doubt some inconsistencies have crept into the decisions. If not inconsistent, many of the decisions can only be distinguished by reference to the facts and circumstances of the particular case. (*Allman v. Bird,* 189 Kan. 331, 369 P. 2d 387.)

It would serve no useful purpose to extend this opinion by discussing the meaning of the words "final order" or the phrase "merits of the action or some parts thereof" as used in G. S. 1949, 60-3302 and 60-3303, nor to review the cases which have considered the statutes. These sections were repealed by the adoption of the new code, which will control future appeals, and the decisions which interpreted the old provisions are now obsolete except as they may be applicable to cases, if any, remaining on the appeal docket.

The policy of the new code leaves no place for intermediate and piecemeal appeals which tend to extend and prolong litigation. Its purpose is to secure the just, speedy and inexpensive determination of every action.

The provisions for appeal, after making special provisions for orders pertaining to provisional remedies, special proceedings, and intermediate rulings at the discretion of the trial court and the supreme court state:

"The appellate jurisdiction of the supreme court may be invoked by appeal as a matter of right from:  .  .  .  .  .  .  .  .  .  .  .  .  .

"(4) A final decision in any action, except in an action to recover money, the amount in controversy must be in excess of five hundred dollars ($500). In any appeal or cross-appeal from a final decision, any act or ruling from the beginning of the proceeding shall be reviewable." (Code of Civil Procedure, Laws 1963, ch. 304, § 1, amending Laws 1963, Ch. 303, § 60-2102.)

No attempt was made to define the word "final" and confuse the issue. The word is to be given its ordinary meaning. A judgment or an order is to be considered as final if all the issues in the case are determined, not just part of the issues. The last sentence of the paragraph quoted above protects the right to have a review of interlocutory or intermediate orders on appeal from the final determination of the case.

Regardless of any exceptions or distinctions that may have been made in construing the words "final order" or the phrase "merits

of the action or some parts thereof" as used in G. S. 1949, 60-3302 and 60-3303, which are applicable to this controversy, we are forced to conclude that an appeal does not lie from a pretrial ruling unless it has the effect of a final decision which disposes of all the issues in the case. The very nature, purpose and effect of pretrial procedure requires such a conclusion.

Pretrial proceedings are an adjunct to or a part of the trial of an action on its merits. They are not authorized until such time as all necessary pleadings are on file and the case is at issue. (*City of Hesston v. Smrha*, 184 Kan. 223, 336 P. 2d 428.) Until such time neither questions of law nor questions of fact are ripe for determination. After such time any proceeding constitutes a part of the trial on the merits. Where discovery is permitted, pretrial proceedings should not take place until the discovery proceedings are completed.

The primary purpose of pretrial procedure is to define the issues and eliminate those that are unnecessary; avoid the necessity of proof of purely formal matters that should be admitted; expedite the trial, avoid surprise; consider and identify exhibits and documentary evidence, and amend the pleadings to conform to the issues as defined. Pretrial procedure was adopted to enable courts to call the parties before them and cut away, by agreement and admission of the parties, all encumbrances to a speedy trial on simplified issues. At a pretrial conference, the trial court has authority to compel the parties to agree as to all facts concerning which there can be no real dispute, but the court should not attempt to determine disputed questions of fact at such conference.

In the case of *Cow Creek Valley Flood Prevention Ass'n v. City of Hutchinson*, 163 Kan. 261, 181 P. 2d 320, the court considered the application of the pretrial statute and stated in the opinion:

". . . We think the primary purpose of the statute is to enable district courts to aid counsel in the orderly and efficient trial of cases. It vests in the district court the discretion to determine, in advance of trial, questions of law arising in the case irrespective of whether pleadings are challenged by motion or demurrer. Such procedure may, in certain cases, serve to aid counsel in trying cases with greater efficiency and with a substantial saving of time and expense. It must, however, be observed the statute grants such discretionary power to pass upon questions of law 'arising in the case' only 'under the allegations of the pleadings.' That means all of the pleadings that may be filed under the provisions of the civil code. Until such pleadings are completed it cannot be certain that the issues are fully joined. Until the issues

are fully joined there can be no determination of questions of law which may be relied upon to govern the trial of the case. . . ." (p. 263.)

On the conclusion of a pretrial conference the admissions, stipulations, rulings of the court, and all other matters which are to determine the course of the trial should be reduced to writing in the form of an order if the conference is at all extended. The statute provides that the trial court shall make an order which recites the actions taken at the conference. (*Southard v. Mutual Benefit Health & Accident Ass'n,* 177 Kan. 26, 276 P. 2d 299.)

Once the pretrial proceedings are so concluded the results reached become the rule or law of the case. The order controls the issues and the subsequent course of the trial. However, the trial court is not helpless to permit additions or corrections, or change its own rulings if necessary in the interest of justice.

The doctrine of law of the case, as applied to the effect of previous rulings on later action of the trial court, is a salutary and utilitarian rule to be applied to pretrial orders, but it is not to be considered as a limitation on the power of a trial court to do justice or correct prior rulings which are clearly erroneous. A trial court has inherent power to review its own proceedings to correct errors or prevent injustices. The power to reconsider a ruling in a case resides in the trial court until a final judgment or decree is issued. This court should not usurp this inherent power of the trial court by entertaining an intermediate appeal from a ruling which occurred during the course of the trial inclusive of pretrial proceedings.

The cases, in jurisdictions where pretrial procedure has been generally used, announcing the general principles above stated are too numerous to be cited. They may be found by reference to Modern Federal Practice Digest, Federal Civil Procedure, §§ 1921-1943; Baron and Holtzoff, Federal Practice and Procedure, §§ 471 *et seq.,* and 35B C. J. S., Federal Civil Procedure §§ 905-914.

This court has held that a pretrial order which does not in effect determine the action is not appealable prior to the entry of a final judgment. (*Borgen v. Wiglesworth,* 190 Kan. 365, 375 P. 2d 600; *Carr v. Kendzora,* 190 Kan. 533, 376 P. 2d 795.)

The appeal is dismissed.

APPROVED BY THE COURT.

JACKSON, J., not participating.