No. 36,614

JOHN A. FRANCIS, *Appellant*, v. SHAWNEE MISSION RURAL HIGH SCHOOL, DISTRICT No. 6, JOHNSON COUNTY, and the BOARD OF EDUCATION, Composed of Robert L. Fish, Robert W. Speer, William Helmers, James B. Hann and R. H. Yankie, *Appellees*.

(170 P. 2d 807)

Opinion filed July 6, 1946.

*Howard E. Payne,* of Olathe, argued the cause for the appellant.

*Arthur L. Jones,* of Overland Park, was on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action by a teacher to recover salary claimed to be due and payable after he resigned during the school year.

The action was instituted against the Shawnee Mission Rural High School, district No. 6, Johnson county, and its board of education. The five board members filed separate disclaimers. Judgment was rendered in favor of the defendants. Plaintiff has appealed from the judgment and from the order overruling his motion for a new trial.

If an answer was filed the record fails to disclose it. The action was tried on an agreed statement of facts which reads:

"It is hereby stipulated by and between the parties Plaintiff and Defendant in the above entitled matter that the following constitutes the facts in said cause and shall be by the Court considered as such in determining the decision of the Court.

"1. That under date of April 30, 1942, the above Plaintiff entered into a written contract with the Board of the Shawnee Mission Rural High School, District No. 6, Johnson County, Kansas.

"2. That attached hereto and made a part hereof, as though fully set out, is a true and correct copy of said contract.

"3. That said contract covered *the school year of 1942,* commencing on the 1st day of September, 1942.

"4. That the Plaintiff entered into the performance of his duties on September 1, 1942, pursuant to the terms of said contract, and that on December 12, 1942, the Plaintiff notified A. L. Cross, the then principal of said high school, of his intention to resign *as a teacher* in said school for the purpose of accepting another position, said resignation to be effective as of date December 30, 1942.

"5. That on the 22nd day of December, 1942, plaintiff gave notice to Principal Cross, and also written notice to the then president of the school board stating that plaintiff intended to and was resigning *as a teacher* in said school, said resignation to be effective as of December 29th or 30th, 1942.

"6. That the Defendant, Board, refused to accept Plaintiff's resignation, and so advised the Plaintiff on December 28, 1942, and that Plaintiff on said date reiterated his intention to resign on December 30, 1942.

"7. That on December 30, 1942, Plaintiff ceased meeting with his classes, but at the request of Mr. Cross, the principal, Plaintiff did prepare the semester examination papers and questions, said *semester examinations being held at the close of the eighteenth week of school.*

"8. That plaintiff did not give the examinations which took place from January 7, to January 10, however, plaintiff did grade the class examination

papers, average the grades and prepare all of the necessary school records required *for the full semester of the school work year which ended January 16, 1943.*

"9. That Plaintiff's agreed salary as per contract, was the total sum of $2,345 per year, payable in 12 monthly installments of $195.42 each; and that Plaintiff received 4 monthly payments of $195.*43* each.

"10. That Plaintiff did before filing suit make claim for the amount claimed by him to be due under said contract both orally and in writing, written claim, demand and request being made by Plaintiff under date of March 23, 1943, directed by H. V. Sullivan, the then clerk of the Defendant, School Board. That Plaintiff's claim and demand for payment was refused." (Our italics.)

It appears appellant did not participate in framing the contract. It was drafted by or for appellees and submitted to appellant for signature. The pertinent provisions thereof read:

"You are hereby notified that the Board of the Shawnee-Mission Rural High School, District No. 6, of Johnson County, Kansas, has elected you as one of the faculty and teachers of the High School for one year, *that is for the school year,* commencing 1st day of Sept., at a salary of $2,345, per year, payable monthly in twelve installments, first installment to be paid Sept. 30, subject to the following conditions:

"1. This contract subject to cancellation by the Board if at any time during the year the treasury of the school is without funds to meet the monthly payment, and in no event will the Board make any payments that may be contrary to House Bill No. 745, now the law of this state.

"2. That you have complied with the laws of the state of Kansas, and are qualified to teach in a four year accredited High School in this state.

"3. That you bind yourself to teach, govern and conduct classes and the subject or subjects assigned you, and follow the course of study adopted by the Board and conform to the School Laws of Kansas, and the Rules and Regulations of the Board now in force or that may be hereafter adopted, and the requirements of the Principal of said school, and that you consider yourself bound, morally and legally, *to teach the entire school year.*

"4. It is understood that the Board does not employ and will not employ women teachers who shall marry during the school year. In case a woman teacher marries, she agrees to give immediate notice in writing to the Principal of the School, and in case of such marriage, such employment shall cease, and the teacher shall have no right to any wages *for any teaching* after said marriage.

"5. No teacher shall resign or quit without giving notice thereof in writing to the Principal of the school two weeks previous thereof, and in case of a teacher resigning or quitting without such notice, two weeks' wages shall be deducted by the Board from the amount due said teacher. The same deduction shall also be made from the wages of a woman teacher who shall marry *during the school year* without having given two weeks' previous notice thereof in writing to the Principal of the school.

"6. The standards for measuring the efficiency of you as a teacher and attached to this duplicate are made a part of this contract.

"7. If you are willing to accept this appointment at the salary and under the conditions named, you will sign your name at the bottom of this notice and return it to the Principal of the school as a contract between you and the Board within 5 days from date.

"If you do not intend *to teach the entire school year for which you have been elected as stated above,* please return this to the Principal of the school without your signature and this act shall be a notification to him that you do not accept the election or that you refuse to be bound by the conditions of the contract." (Our italics.)

The trial court made the following findings of fact:

"1. The court finds that the parties have stipulated in writing certain facts which have been heretofore filed in the court together with a copy of the contract between plaintiff and defendant upon which plaintiff bases his cause of action.

"2. The court further finds that the contract so filed is for a period of one year, payable in twelve (12) monthly installments of $195.42, and that the entire contract sum is $2,345.

"3. The court further finds that there are no provisions in said contract providing for an acceleration or an increase in the monthly payments of $195.42 to $260.50 per month.

"4. The court further finds that the plaintiff did not perform any services under said contract and wasn't in the employ of the defendant after December 31, 1942.

"5. The court finds that plaintiff performed services for the months of September, October, November and December, 1942, and that he received four (4) monthly installments of $195.42, and that defendant has paid the plaintiff all sums due plaintiff for services rendered as provided by contract, and that judgment should be for the defendant."

Appellant sought to recover the difference between the amount he received for the four months he taught, calculated on a twelve-month basis, and the amount he would have received for those months had his salary been calculated on the basis of a school year of nine months.

The introductory paragraph of the contract, previously quoted, specifies the capacity in which appellant was elected, namely, as "one of the faculty and teachers." It specifies the period or term for which he was elected to serve as "one year, *that is for the school year.*" (Emphasis supplied.) It fixes appellant's salary "for the school year" at $2,345. It provides the total fixed salary "for the school year" shall be payable in twelve monthly installments. This paragraph was made "subject to the following conditions." The conditions thereafter stated do not affect the total salary for the designated term except under the circumstances mentioned in para-

graph 5. Other "following conditions" considered pertinent will receive attention later.

Appellant contends he was employed *to teach* for the designated period of "the school year" and was not employed for a term of twelve months as found by the trial court. He insists his salary "for the school year" was clearly stated to be $2,345 and that the provision for its payment in twelve monthly installments merely determines the intervals at which he was to receive the total salary. He argues if it had been the intention to employ him for one year, that is for twelve months, there would have been no occasion for inserting after the words "one year" the explanatory clause, *to wit,* "that is for the school year." He reasons the defendant school district in drafting its contract deliberately employed the explanatory clause for the express purpose of clarifying and defining the preceding words "one year." He asserts that unless the contract is so construed its evident intent and purpose are defeated.

We observe the words "school year" are also employed in other portions of the contract. Paragraph 3 contains the phrase "to teach the entire school year." Paragraph 5 contains the words "during the school year." Paragraph 7 employs the words *"school year for which you have been elected as stated above."* (Our emphasis.) Paragraphs 4 and 5 of the stipulated facts refer to appellant as a teacher and not as one charged with administrative duties and the third paragraph thereof admits appellant's contract covered "the school year of 1942."

The phrase "the school year" has a recognized meaning not only in educational circles but quite generally. The express and repeated use of the phrase in the instant contract indicates employment "for the school year" was intended. It may be assumed in the absence of evidence to the contrary, that when members of a trade or business employ trade terms in their contracts with one another they attach to them their trade significance. (12 Am. Jur., Contracts, § 237; *Metropolitan Exhibition Co. v. Ewing,* 42 Fed. 198.) Some of our statutes have employed the words "school year." G. S. 1935, 72-702; 72-5001; G. S. 1945 Supp. 72-5501.) This list is not intended to be exhaustive. Here the contract clearly provided appellant was not employed for one year but "for the school year." It is equally clear his compensation for the school year was $2,345.

How many months comprised the school year? The contract does not specify. It only states "the school year" commences September

1. Appellant concedes the contract does not specify the closing date of the school year. He, however, directs our attention to the fact the parties agreed the first *eighteen weeks* of school constitute "the full semester of the school year which ended January 16, 1943." (Paragraphs 7 and 8 of the stipulation.)

Webster's New International Dictionary, 2d ed., defines a semester as follows:

"Half-yearly . . . Hence, either of the two periods of instruction, commonly eighteen weeks in length, into which the academic year is usually divided."

Two full semesters would, therefore, constitute thirty-six weeks or nine months. It is also common knowledge accredited high schools in this state, which the public records of the state board of education reveal this high school to be, ordinarily have a school term of nine months. There is no evidence, and it is not contended, the school year of this high school was not nine months.

Moreover, appellees prepared this contract. They submitted it to appellant for his signature. Such ambiguity as there exsits in the contract with reference to the length of the school year must be resolved against appellees. In *Bankers Mortgage Co. v. Dole,* 130 Kan. 367, 286 Pac. 258, it was declared:

"There is an elementary rule of law that where one party to a contract is privileged to set down in writing the terms to which another party is to give assent, and a controversy arises as to their meaning, the contract should be construed strictly against the writer and liberally toward the other party." (p. 372.)

See, also, *Graff v. Osborne,* 56 Kan. 162, 42 Pac. 704; *Berns v. Standish Pipe Line Co.,* 152 Kan. 453, 459, 105 P. 2d 893.

In *Berg v. Scully,* 120 Kan. 637, 245 Pac. 119, it was held:

"To ascertain the intent of the parties is the fundamental rule in the construction of agreements, and in such construction courts look to the language employed, the subject matter and the surrounding circumstances." (Syl. ¶ 3.)

The contract recognizes appellant's right to resign during the school year. It provides a penalty in the event he fails to give the prescribed notice of resignation. (Paragraph 5 of stipulation.) It provides for no other deduction from the stipulated salary "for the school year" in the event of resignation.

The amount appellant received for the four months he had taught was approximately one-third of the salary for the school year. He

contends it would be inequitable to compel him to accept that amount in full payment when he has served approximately one-half of the school year. Where the terms of a contract are ambiguous a practical and equitable construction should be adopted. (*Berg v. Scully,* supra.) In our opinion it would constitute neither a practical nor an equitable construction of the contract to impose a penalty for resignation where none is provided by the contract except for failure to give the prescribed notice of resignation. The only penalty prescribed in the latter instance is a deduction of two week's wages from the amount due.

With respect to what constituted "the school year" it may be well to briefly refer to paragraph 3 of the contract. It is true that under its terms appellant, among other things, agreed to conform "to the School Laws of Kansas, and the Rules and Regulations of the Board now in force or that may be hereafter adopted, and the requirements of the Principal of said school. . . ." But our attention is directed to no laws, rules and regulations or requirements under which appellant was obliged to devote any time as a teacher or faculty member in addition to the time covered by "the school year." As applied to the facts in this case the provision is inoperative.

Appellees argue appellant accepted four monthly payments including the payment for December, 1942, calculated on the basis of twelve monthly payments, and that such acceptance shows appellant construed the contract to mean he was not entitled to more than he had received. Appellees rely upon cases holding parties are foreclosed from contending for a different construction of an ambiguous contract from the one they have placed upon it themselves as evidenced by a consistent course of dealings. The doctrine is sound but it is inapplicable here. The agreed facts disclose appellant did not serve his notice of resignation until December, 1942. He did not then file a valid resignation under the requirements of the contract. The defendant board refused to accept it. It paid him the salary due for the month of December, calculated on a twelve-month basis, as the contract provided it should be paid. No one contends appellant legally could have insisted upon actual payment of his entire salary prior to the expiration of one year, namely, September 1, 1943. Under the circumstances it cannot be said appellant by a series of dealings placed a construction on the contract inconsistent with the one he now asserts.

What is the amount of salary appellant is entitled to recover? He prayed for judgment in the sum of $312.35 with interest. We are unable to understand how he would be entitled to that amount on any theory. Appellant concedes this is an action on the contract. The difference in four months' salary calculated on a nine-month rather than on a twelve-month basis is $260.50. The stipulation discloses appellant's notice of resignation did not conform to the requirements of the contract. The contract provides that where the notice is not given as required ". . . two weeks' wages shall be deducted by the board from the amount due. . . ." The monthly salary on a nine-month basis is $260.50. A penalty of two weeks' wages is one-half of that amount or $130.25. Deducting the penalty from the amount otherwise due leaves a net balance due and payable in the sum of $130.25.

It is true appellant on request of the principal rendered some service after December 30, 1942, the effective date of his resignation. This action, however, as stated, is not predicated on *quantum meruit* but on contract and, under the limited facts stipulated, we cannot determine the liability for that particular service.

The judgment is reversed with directions to the district court to render judgment in favor of the appellant in the sum of $130.25 with interest at the rate of six percent per annum from September 1, 1943, until paid, and for the costs of the action.