No. 39,190

GERALD W. KLEMA, *Appellant*, v. JOSEPH D. SOUKUP and ZDENEK J. SOUKUP, *Appellees*.

(267 P. 2d 501)

Opinion filed
March 6, 1954.

Oscar Ostrum, of Russell, argued the cause, and Dean G. Ostrum, of Russell, and George D. Miner, and Paul Aylward, both of Ellsworth, were with him on the brief for the appellant.

V. E. Danner, of Ellsworth, argued the cause, and John V. O'Donnell, of Ellsworth, was with him on the brief for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action by a buyer to recover from the sellers an amount alleged to be due under a written contract for the purchase and sale of a grocery stock and fixtures.

In a preliminary way it may be stated that under date of October 27, 1949, a written contract was entered into by Gerald W. Klema as buyer and Joseph D. Soukup and Zdenek J. Soukup, partners doing business as South Side Grocery, sellers, the pertinent parts of which were that the sellers sold and the buyer bought all of the stock, wares and merchandise located in the grocery with all the furniture and fixtures therein; that the store should be closed temporarily and inventory taken and delivered to the buyer at retail price less twenty per cent, and other details with respect thereto not in issue. The fifth paragraph of the agreement provided:

"5. The consideration for this agreement is the aforesaid inventory at retail less twenty per cent for the stock of goods, wares and merchandise, plus the stock of furniture and fixtures valued by the sellers at $3500.00, payable in the manner following, to-wit:

($5,000.00) Five Thousand and no/100 dollars, to be paid by buyer to sellers on the signing of this agreement, to be placed in an escrow account as hereinafter set out.

Buyer after inventory as aforesaid, shall have possession of the furniture and fixtures; and the same shall be sold within six months from the date of this agreement for the best price obtainable, buyer and seller using their best efforts to obtain that end. All furniture and fixtures remaining unsold at the end of the six month period shall become the property of the buyer without any further payment or consideration. If the stock aforesaid and the furniture and fixtures do not in all, inventory and bring $5500.00, but do amount to more than $5,-000.00, then and in that event, buyer will pay sellers the difference between said $5,000.00, and the actual amount received as the full consideration for

this agreement. In the event, however, said inventory of stock and said sale price of furniture and fixtures is less than $5,000.00, then sellers will pay or cause to be paid to the buyer the difference between said inventory and sale price and $5,000.00. However, if said inventory and sale price amount to more than $5500.00, then and in that event buyer will pay sellers $500.00 additional above said price of $5500.00 as full consideration and final payment under this agreement."

The sixth paragraph provided that the buyer should deposit in a named bank, subject only to the joint check of the buyer and sellers for the purpose of paying debts of the sellers due against the business, the sum of $5,000.00 or to be returned to the buyer under conditions no longer of importance. By another paragraph provision was made for time in which the sellers could comply with the bulk sales law of this state, a provision of no present importance.

On August 14, 1950, Klema commenced an action against Joseph D. Soukup and Zdenek J. Soukup alleging the making of the contract; his version of its terms; that he had paid the sum of $5,000.00 into the bank and that $4,978.68 had been paid out for debts; that the goods, wares and merchandise inventoried amounted to $2,-411.96, and the fixtures actually sold amounted to $217.50 making a total of $2,629.46 in value received by plaintiff; that a certain account of $231.00 for goods furnished to one McFarland was due and owing from defendants, and that there was due plaintiff from defendants the sum of $2,580.22, for which he prayed. As the result of a motion to make definite and certain on November 8, 1950, plaintiff filed an amended petition alleging two causes of action. The first cause dealt with the making of the contract and with some amplifications reiterated the allegations of the original petition, except as to the $231.00 McFarland account, and prayed for recovery of $2,-349.22. The second cause dealt with the McFarland account and sought recovery of $231.00. Defendants' demurrer to this amended petition was sustained, the plaintiff being allowed time to file an amended petition. On March 19, 1951, plaintiff filed his second amended petition containing three causes of action. The first cause of action pleaded the contract and what occurred subsequent to its making, and additional facts tending to show an operative interpretation by the parties and recovery of $2,349.22 was sought; the second cause of action may be briefly referred as attempting at least to state grounds for reformation of the contract and that under the contract as reformed plaintiff recover from defendants the sum of $2,349.22. The third cause of action set up the McFarland account

and sought recovery of $231.00. Defendants attacked this petition by motion to strike plaintiff's first cause of action, on the ground a demurrer thereto had been sustained, which was denied; and by a motion to make definite and certain, which was allowed. Thereafter on November 26, 1951, plaintiff filed his third amended petition which complied with the order to make definite and certain. On December 4, 1951, the defendants filed an answer admitting execution of the contract of October 27, 1949, making other admissions and denials as to the first cause of action and praying that plaintiff take nothing under his first cause of action; alleging facts tending to show there was no ground for reformation of the contract as pleaded in plaintiff's second cause of action and praying that plaintiff take nothing thereunder; and denying generally as to plaintiff's third cause of action. Plaintiff's reply needs no notice.

Finally on February 3, 1953, a trial was had and at the conclusion of plaintiff's evidence the defendants demurred. The parties agreed that the demurrer should be submitted on written briefs and that was done. On March 27, 1953, the trial court ruled: (1.) That the defendants' objection to the introduction of evidence should be overruled; (2.) That defendants' demurrer to plaintiff's evidence in support of his third amended petition should be sustained for the reason the allegations thereof are *res adjudicata* as the result of the court's having previously sustained a demurrer to plaintiff's first amended petition setting out substantially the same facts and theory; (3.) That the defendants' demurrer to plaintiff's evidence in support of his second cause of action should be sustained; and (4.) That defendants having admitted in open court the correctness of plaintiff's third cause of action, judgment should be entered against them in the sum of $231.00 and interest from August 14, 1953, and a further judgment against them for costs.

Plaintiff filed his motion for a new trial which was denied and he perfected an appeal to this court specifying errors which will be noticed insofar as is necessary to dispose of the appeal.

The evidence to which the demurrer was sustained disclosed that appellant deposited the sum of $5,000.00 as required by the contract of October 27, 1949, and that after the paying therefrom of the debts of the appellees chargeable against the grocery, a balance of $21.32 remained; that the net value of the stock of merchandise chargeable to the appellant was $2,411.96; that of the furniture and fixtures to be sold as mentioned in the contract four articles were sold for a total of $217.50.

Under appellant's interpretation of the contract the appellees were indebted to him in the sum of $2,349.22 as prayed for in his first cause of action. If appellant is correct in this, the ruling on his second cause of action becomes immaterial. As appellant recovered judgment on his third cause of action, and appellees have not appealed therefrom, it will not be noticed further.

As presented in the briefs, apparently there is no contention but that the net value of the stock of merchandise chargeable to the appellant was $2,411.96, but what is said hereafter is not to be interpreted as foreclosing appellees thereon at a later trial. As the controversy seems to involve only the furniture and fixtures, our comment is directed to that portion of the contract.

Although the question may be stated in various ways, the real point in issue is whether, under the contract, appellant may recover from the appellees the difference between the $5,000.00 advanced by him and the amount of $2,411.96 for the inventoried stock of goods plus the amount of $217.50 actually received from the sale of the four articles of fixtures sold, as contended by the appellant, or whether appellant is to be charged with all of the fixtures at $3,500.00 as contended by appellees.

To resolve that issue we must first look to the contract, the execution of which is admitted. The rule for interpretation of a written contract is well stated in *Morgan v. Wheeler,* 150 Kan. 667, 95 P. 2d 320, where it was held:

"The interpretation of a written contract, free from ambiguity, is a judicial function and does not require oral testimony to determine its meaning. Ambiguity in a written instrument does not appear until application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning."

And see also *Maltby v. Sumner,* 169 Kan. 417, 219 P. 2d 395. If the contract is actually ambiguous, the operative construction by the parties is of controlling significance. See *Heckard v. Park,* 164 Kan. 216, 188 P. 2d 926, 175 A. L. R. 605; *Francis v. Shawnee Mission Rural High School,* 161 Kan. 634, 170 P. 2d 807; and *Embree v. Koelsch,* 154 Kan. 570, 119 P. 2d 533, and cases cited. The record does not disclose affirmatively that the trial court ever ruled that the contract was either free from ambiguity or not, but its rulings compelling the pleading of facts showing interpretative construction would indicate it was of the opinion the contract was ambiguous. However, the contract being in writing, we have the same duty as did the trial court to determine the question. See *Palmer v.*

*Johnson,* 132 Kan. 161, 294 Pac. 874; *Hollenbeck v. Lyon,* 142 Kan. 352, 47 P. 2d 63; and *City of Wichita v. Boles,* 156 Kan. 619, 135 P. 2d 542, and cases cited. Under rules stated, we examine the contract to determine whether or not it is free from ambiguity and the sufficiency of appellant's evidence, dependent on the conclusion reached.

Neither party contends that any fraud was perpetrated in procuring execution of the contract. We are not concerned with whether the arrangement evidenced by the contract was prudent or not, but only with whether the contract is clear and free from ambiguity or the converse.

The portion of the contract involved has been quoted above. It states that the consideration is the retail value of the merchandise at retail less twenty per cent and the furniture and fixtures "valued by the sellers at $3500.00" the consideration to be paid by the buyer placing in escrow the sum of $5,000.00; that the buyer shall have possession of the fixtures and that they shall be sold within six months for the best price obtainable, buyer and sellers to use their best efforts to obtain that end, and at the end of that period the portion unsold should become the property of the buyer without further payment. Up to this point it is clear that the buyer was not to pay for the unsold fixtures. It is next provided that if the stock and the fixtures inventoried and brought more than $5,000.00 and less than $5,500.00 the buyer would pay the sellers the difference, but in the event the inventory of the stock and the sale price of the fixtures was less than $5,000.00 the sellers would pay the purchaser the difference. Under the facts pleaded we need not notice the provision as to inventory and sale price amounting to more than $5,-500.00. In our opinion it clearly appears that the buyer did not agree that the fixtures were valued at or worth $3,500.00 nor did he agree to buy them at that price. He did agree they could be sold, and if the price received from their sale together with the net value of the stock of goods exceeded $5,000.00 he would pay the difference, and correspondingly the sellers agreed if the value of inventory and the price received for fixtures sold did not amount to $5,000.00, they would pay the buyer the difference. In our opinion the contract is clear and unambiguous.

Under the facts pleaded, and the evidence offered in support, the net value of the inventory of merchandise plus the amount received for fixtures sold did not amount to $5,000.00, and a prima facie case was made under which the buyer was entitled to recover the difference from the sellers.

By reason of its ruling on the first cause of action the trial court sustained a demurrer to appellant's second cause of action, which would have been proper had its first ruling been correct. In our opinion the trial court erred in sustaining the appellees' demurrer to the evidence in support of the appellant's first cause of action and in denying appellant a new trial. The rulings and judgment of the trial court are reversed and the cause is remanded for a new trial consistent with the views herein expressed.