No. 39,514

Mrs. C. W. Lawrence, *Appellant,* v. Cooper Independent Theatres, Incorporated, *Appellee.*

(276 P. 2d 350)

Opinion filed November 13, 1954.

*R. R. Mitchell*, of Dodge City, argued the cause, and *W. C. Gould*, of Dodge City, was with him on the briefs for the appellant.

*James A. Williams*, of Dodge City, argued the cause, and *E. C. Minner, Harry A. Waite, C. W. Hughes*, and *B. G. Larson*, all of Dodge City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action was instituted in the county court of Ford county to obtain possession of portions of a building in which the defendant, Cooper Independent Theatres, Incorporated, operates a theater. The plaintiff prevailed and defendant appealed to the district court, which rendered judgment in defendant's favor. Plaintiff appeals.

The precise question presented is whether appellee acquired the right of possession by virtue of an assignment of the lease to it by

a previous assignee. The answer turns on the proper interpretation of terms of the original lease. Provisions of the lease, requiring our first attention, are:

"To HAVE AND To HOLD the above described premises, with all and singular the rights, privileges and appurtenances thereunto belonging unto the Lessee, its successors and assigns, for a period of five years beginning November 1, 1935 and ending October 31, 1940.

. . . . . . . . . . . . .

"It is hereby covenanted and agreed by and between the parties hereto that the party of the second part may, at any time and from time to time, sublet the demised premises or any part thereof and/or assign this lease to any corporation, a subsidiary or parent of, or affiliated with the party of the second part and that, in the event of any such assignment of this lease and the assumption by the assignee of the obligations of the party of the second part hereunder the said party of the second part shall, upon depositing in any United States Post Office a written notice of such assignment addressed by registered mail to the party of the first part at Emporia, Kansas, or such other place as the said party of the first part shall have designated in writing, be relieved and discharged from any and all further liability under this lease; provided however, that any such assignment and notice thereof shall not relieve or discharge the party of the second part from obligations or liabilities under this lease with respect to any period prior to the date of the mailing of such notice.

[In the next paragraph the meaning of the words "subsidiary" and "parent of the party of the second part" and the word "affiliated" is defined. Appellee is none of these and the paragraph need not be quoted.]

"The provisions of the foregoing two paragraphs shall apply to and inure to the benefit of the successors and assigns of the party of the second part, and wherever the term 'party of the second part' is used in said paragraphs it shall be deemed to include the successors and assigns of the party of the second part."

For present purposes it will suffice to state the appellate land-owner executed the original written lease to Fox Kansas Theatre Company in January, 1935, for a term of five years. The lease was extended from time to time by the parties thereto, the last extension expiring in 1960, with an option to renew it for an additional five years. The instruments were prepared by the lessee. No changes now material were made in the lease. In 1949 the lessee assigned the lease to Fox *Plains* Theatres Corporation, one of lessee's subsidiaries or affiliates. In April, 1953, the latter assigned the lease to appellee, which is not a subsidiary or affiliate of the lessee. When that assignment was made appellant notified Fox Plains Theatres Corporation, the first assignee, to take a reassignment of the lease and to pay the rental due May 1, 1953, both within ten days, and that upon its failure to do so, the lease would be considered can-

celed. Fox Plains Theatres Corporation refused to comply with the demand. Appellant also notified appellee to vacate the premises by a stated date or suit would be brought for ejectment. Appellee did not comply and this lawsuit followed.

No fraud, undue influence, misrepresentation, mutual mistake, or the like are alleged in the pleading as grounds for cancellation of the lease. It is conceded appellee tendered the rentals when due and that appellant refused to accept them. The district court made findings of fact and conclusions of law to which reference will be made where necessary in the course of the opinion. No findings of fact are challenged. There really is no dispute in the evidence which was admitted and the principal facts have been stated.

In an unlawful entry and detainer action the only question is, who is entitled to possession of the premises? The jurisdiction of the county court was limited to that single issue and it was the only question on appeal to the district court. (*McCracken v. Wright*, 159 Kan. 615, 157 P. 2d 814.)

Appellant's first contention is the assignment to appellee was invalid by reason of the fact the lease contract required appellant's, the landlord's, consent to an assignment to anyone other than a subsidiary, parent, or affiliate of the lessee. The contention is based solely on the first part of the second quoted paragraph which appears prior to the words, ". . . and that, in the event of any such assignment. . . ." It will be observed the entire paragraph is one sentence. If the remainder of the sentence clarifies, or tends to clarify, the former part relied on by appellant it, of course, must be considered for the purpose of arriving at the intent of the parties.

Appellee asserts the latter part of the sentence has a clarifying effect; that to ignore it tends to result in ambiguity rather than in clarification, and that a sentence cannot be divided to create ambiguity, citing *Maltby v. Sumner*, 169 Kan. 417, 428, 219 P. 2d 395. Appellee's counsel admits a lessee cannot avoid liability for rents by merely assigning a lease, unless the lessor releases the lessee from such liability. Appellee, however, insists the sentence, when considered in its entirety, indicates its purpose was to release the lessee from liability for future rents only in the event the lease was assigned to a parent, subsidiary, or affiliate of the lessee.

Appellee also argues this is the natural interpretation to be placed on the paragraph for the further reason that the lease con-

tains no express prohibition against the general right of assignment. Appellant argues the paragraph is ambiguous. We do not think the paragraph, when considered in its entirety, is ambiguous with respect to what it purports to cover. It grants the right of assignment to the parties designated and in the event of assignment to them it relieves the lessee of liability for *future rents*. The real question is whether that particular contractual provision nullifies the general right of assignment, without the lessor's consent. If so, it obviously does so only by implication.

But we now direct our attention to other provisions of the lease. The intention of the parties to a contract should never be determined by a single isolated provision but must always be ascertained by a consideration of the instrument in its entirety. In other words, as it commonly is expressed, the intention must be gathered from the four corners of the instrument. *(Wood v. Ozark P. L. Co.,* 142 Kan. 333, 46 P. 2d 614; *Maltby v. Sumner,* supra, p. 426.)

Examination of other paragraphs of the lease, that is, the first and last previously quoted paragraphs, discloses appellant agreed the lease should be binding on the successors and assigns of the lessee and that the lease should inure to their benefit.

It is the contention of appellant the maxim, *expressio unius est exclusio alterius,* controls and the lease, therefore, excludes the right of assignment to anyone other than the parent, subsidiary or affiliate of the lessee. That rule is one, but is not the only rule governing the interpretation of written instruments. It does not supersede the broader rule that in the interpretation of instruments every provision thereof must be considered and harmonized if reasonably possible to do so. The broader rule was recently applied in our sister state of Missouri in a highly similar case in which the maxim, *expressio unius est exclusio alterius,* was unsuccessfully sought to be applied as the controlling rule and as creating a restraint against assignment to others than a party to whom an assignment was authorized by the lease, under stated conditions. In that case, *Garland v. Lisetta Inv. Co.,* (Mo. Ct. of App.) 234 S. W. 2d 347, it was determined:

"Landlord may by stipulation in lease restrict right of assignment or forbid subletting of premises, but such covenants are not favored and will be strictly construed against lessor, and they should not be extended by implication.

"Where lease specifically authorized lessee to sublet the demised premises, but did not expressly prohibit further assignments or subletting, assignees of lease were entitled to sublet the premises.

"Provisions of lease giving lessee right under certain circumstances to re-assume lease after having assigned lease, and specifically giving right to sub-lease the premises to lessee did not constitute restrictions against further assignment or subletting, particularly in view of provision that the covenant of lease should be binding upon and inure to benefit of parties and their successors and assigns." (p. 347.)

The Missouri decision is in harmony with the generally established doctrine. Although the rule pertaining to assignment and subletting is not the same in all respects, the only limitation of the common law right of lessee to sublet the premises is that it cannot be sublet to be used in a manner inconsistent with the terms of the original lease, or injurious to the premises. *(Leslie v. Sherman,* 157 Kan. 157, 139 P. 2d 133.) In this state an assignment, without consent of the landlord, is prohibited only with respect to leases in which the term does not exceed two years. (G. S. 1949, 67-511.) Here the original term of the lease was five years and it may be extended, by the exercise of an option, until 1965.

Restrictions against assignment constitute prohibitions against the right of alienation. They are not favored by the courts, are to be strictly construed, and are not implied. (32 Am. Jur., Landlord and Tenant, § 325.) Restrictions against assignment are strictly construed against the lessor and are given a construction which will prevent the restraint from going beyond the express stipulation. The rule requires that what is claimed to be within the restriction shall be clearly and manifestly so, and that if it is felt a doubt exists as to being within it, the restriction shall be excluded therefrom. (32 Am. Jur., Landlord and Tenant, § 327.) Similarly, it has been said:

"A covenant or restriction against assignment or subletting is to be construed strictly against the lessor in the absence of a statute to the contrary. Such covenants, although they have been said to be fair and reasonable are generally not favored by the courts and will not be extended by implication." (51 C.J.S., Landlord and Tenant, § 33, p. 541.)

The district court concluded the lease contained no prohibition against assignment, without consent of the lessor. We think the conclusion is sound.

It is further contended the court erred in refusing to admit oral testimony to the effect that at the time of its execution it was understood appellant would always deal with the lessee. Such testimony can be admissible only if the lease, when considered in its entirety, is ambiguous on its face. The test of uncertainty or ambiguity repeatedly has been stated as follows:

"Ambiguity in a conveyance does not appear until application of pertinent rules of interpretation to the face of the instrument leaves it *genuinely uncertain* which one of two or more meanings is the proper meaning." (Our italics.) (*Roxana Petroleum Corp. v. Jarvis,* 127 Kan. 365, 372, 273 Pac. 661.)

See, also, *Morgan v. Wheeler,* 150 Kan. 667, 95 P. 2d 320; *Maltby v. Sumner,* supra; *Klema v. Soukup,* 175 Kan. 775, 267 P. 2d 501.

Facts and circumstances surrounding the execution become competent only in the event the instrument is ambiguous on its face and requires aid to clarify its intent. (*Shannep v. Strong,* 160 Kan. 206, 160 P. 2d 683; *In re Estate of Koellen,* 162 Kan. 395, 176 P. 2d 544.)

We previously have indicated the lease, on its face, cannot be construed properly as constituting a restraint on the general right of assignment. The interpretation of a written contract, free from ambiguity, is a judicial function and does not require oral testimony to determine its meaning. (See last above cited cases.)

Appellant also specifies as error the trial court's refusal to admit oral testimony disclosing an alleged operative interpretation placed on the lease by the parties. We need not discuss the question whether the particular proffered testimony was of a character which indicated the parties placed a construction on the lease or whether it simply disclosed an effort to avoid litigation or to save appellee harmless in the event of litigation. Oral testimony disclosing an operative interpretation by the parties of an actually ambiguous contract is of controlling significance, *Heckard v. Park,* 164 Kan. 216, 220, 188 P. 2d 926, 175 A. L. R. 605, 617; *Klema v. Soukup,* supra, but such testimony is not admissible for the purpose of adding provisions which vary the terms of a contract found to be unambiguous, on its face, under proper rules of construction.

Appellee asserts the judgment of the district court must be sustained on another ground, namely, that if the lease contains any restriction on the right of assignment, it is one which arises solely by implication; that forfeitures are not favorites of the law and ordinarily are not granted for breach of an implied covenant. In view of our conclusion that the lease is not to be interpreted as constituting a restraint on the right of assignment, we need not pursue appellee's last, or any other, contention advanced by the parties.

The judgment is affirmed.